UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAZEL JACKSON,<br><br>                           Plaintiff,<br><br>v.<br><br>UNIFI AVIATION LLC, et al.,<br><br>                          Defendants. | Case No.: 25-cv-03159-AJB-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(Doc. No. 13)** |

      Before the Court is Defendant Arthur Menelaus Pappas's motion to extend his deadline to file a response to Plaintiff Pazel Jackson's complaint from December 29, 2025, to January 30, 2026. (Doc. No. 13.)

      "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1).

      In this Court, "[r]equests to continue or reschedule a conference, hearing, briefing schedule, or other date or deadline must be made by a motion filed no less than 7 days prior to the date the parties seek to change and include specific details addressing (1) the original date and proposed date; (2) good cause for the requested change; (3) the number of previous

continuances and requests that have been made; (4) whether previous requests were granted or denied; (5) how this request will impact other dates or deadlines, and (6) how the parties fulfilled the Court's meet-and-confer requirement. Such a motion must be supported by a detailed declaration, explaining the specific reasons and averring that the meet and confer requirement was met." *See* J. Battaglia Civ. Case Proc. § III.D. "Requests made fewer than 7 days prior to the date the party seeks to change must address excusable neglect for the request's untimeliness." *Id.*

Here, Defendant only addresses good cause and fails to address excusable neglect for the untimeliness of the motion, which was filed five days in advance of the deadline Defendant seeks to change. Additionally, the motion is not supported by any declaration, let alone a detailed declaration.

Accordingly, the Court **DENIES without prejudice** Defendant's motion to extend the deadline to respond. Any future motion must comply with all applicable Federal, Local, and Chambers rules.

**IT IS SO ORDERED.**

Dated: December 29, 2025

Hon. Anthony J. Battaglia
United States District Judge